IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

**RUSTY J. ROSE**,

        Defendant.

**Case No. 19-3054-01-CR-S-MDH**

### MOTION FOR DETENTION

The United States of America, by and through its undersigned counsel, moves this Court to order the detention of the defendant, Rusty J. Rose, and states the following in support of the motion:

1. Title 18, United States Code, Section 3142(f) provides, in pertinent part, that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions "will reasonably assure the appearance of such person as required and the safety of any other person and the community" if the attorney for the Government moves for such a hearing and the case involves:

    "(E) any felony that is not otherwise a crime of violence that involves a minor victim…."

2. Title 18, United States Code, Section 3142(e) mandates, subject to rebuttal, "it shall be presumed that no conditions or combination of conditions will reasonably assure the appearance of a person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—(E) an offense involving a minor victim under section 2252(a)(2)…of this title."

3. An indictment has been return by a grand jury seated in Springfield, Missouri, charging Rose with receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(2).

4. Rose has two misdemeanor convictions for driving while intoxicated and one misdemeanor conviction each for theft of property and identity theft.

5. On or about August 13, 2018, while in a Kum & Go gas station in Springfield, Missouri, Rose assaulted a 14-year old female by grabbing her buttocks.

6. On or about November 9, 2018, in a post-*Miranda* interview, Rose admitted that he accessed the Internet using his cellular telephone and Samsung tablet, and while searching the Internet, he had observed pictures and/or videos that "probably" contained children under the age of 18. After initially denying that he posted child pornography on Tumblr, he eventually admitted to "reposting" files that he had observed on the site.

7. During a forensic examination of Rose's tablet and cellular telephone, Springfield, Missouri, Police Department Officer Michael Costello found on Rose's tablet, 95 image and eight video files containing child pornography, 633 image and 73 video files containing material that is sexually exploitative of children, and one image and one video file containing bestiality.

8. On Rose's cellular telephone, Officer Costello found 35 image files of child pornography, 590 image files of children being sexually exploited, and one image and 11 video files of bestiality.

9. In Rose's Mega account, which can be accessed through his cellular telephone, Officer Costello found 593 image and 680 video files containing child pornography, 1,070 image and 297 video files of children being sexually exploited, and one image and 11 video files containing depictions of rape and/or bondage.

2

10. Also in Rose's Mega Account was a folder titled "neighbor yng girls." That folder contained photos and videos of children in Rose's neighborhood. In another folder titled "pool," there were photos and videos of children at Rose's neighborhood pool. In one video, Rose focuses on a child and says, "My God, she is hot as fuck."

11. The United States submits that there is clear and convincing evidence that there are no conditions that the Court could place on Rose's release that would reasonably assure Rose's appearance in Court and the safety of the community. *See* 18 U.S.C. § 3142(g)(1) nature and circumstances of the offense; (2) weight of the evidence; (3)(A) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (B) whether the defendant was on probation/parole at the time of the offense; and (4) danger to the community or other persons. Because of this, the United States requests that a detention hearing be held and that Rose be detained. *See generally, United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Warren*, 787 F.2d 1337, 1338 (8th Cir. 1986).

WHEREFORE, based on the foregoing, the United States requests that the Court hold a detention hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of Rose.

>Respectfully,
>
>Timothy A. Garrison
>United States Attorney
>
>By    */s/ Nhan D. Nguyen*
>       Nhan D. Nguyen
>       Assistant United States Attorney
>       Missouri Bar No. 56877
>       500 Hammons Tower
>       901 St. Louis Street
>       Springfield, Missouri 65806
>       (417) 831-4406

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on August 2, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

>*/s/ Nhan D. Nguyen*
>Nhan D. Nguyen
>Assistant United States Attorney